IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY J. LUGO,

    Plaintiff,

vs.

DEPT. OF CORRECTIONS, et al.,

    Defendants.

CV F 03 5309 REC WMW P

ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at Salinas Valley State Prison, brings this civil rights action against the California Department of Corrections and the Warden at CSP Corcoran.

    Plaintiff's statement of claim consists of a single paragraph that sets forth a generalized claim of retaliation. Plaintiff alleges generally that he has been retaliated against for his activity regarding litigation. Specifically, plaintiff alleges that he has been transferred on numerous occasions, has been restricted in his access to the law library, and has lost some of his legal property. Plaintiff has filed numerous lawsuits in this district, challenging various conditions of his confinement. Plaintiff fails to charge individually named defendants with

specific conduct that is actionable under section 1983. Plaintiff's generalized allegations of retaliation fail to state a claim for relief.

To establish a claim for retaliation, a prisoner must allege that he or she was retaliated against for exercising his or her constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline. Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994)(per curiam). The prisoner must also establish that his or her constitutional rights were actually chilled. Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
3  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
4  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
5  there is some affirmative link or connection between a defendant's actions and the claimed
6  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
7  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
9  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
10 amended complaint be complete in itself without reference to any prior pleading.  This is
11 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux
12 v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
13 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
14 original complaint, each claim and the involvement of each defendant must be sufficiently
15 alleged.

16    In accordance with the above, IT IS HEREBY ORDERED that:
17    1. Plaintiff's complaint is dismissed; and
18    2. Plaintiff is granted thirty days from the date of service of this order to file a
19 first amended complaint that complies with the requirements of the Civil Rights Act, the Federal
20 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
21 docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff
22 must file an original and two copies of the amended complaint; failure to file an amended
23 complaint in accordance with this order will result in a recommendation that this action be
24 dismissed.

1  IT IS SO ORDERED.

2  **Dated:    May 2, 2005**              **/s/  William M. Wunderlich**
   mmkd34                        UNITED STATES MAGISTRATE JUDGE

4