IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY J. LUGO,

    Plaintiff,

vs.

DEPT. OF CORRECTIONS, et al.,

    Defendants.

CV F 03 5309 REC WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the June 9, 2005, first amended complaint.[1] Plaintiff, an inmate in the custody of the California Department of Corrections at Salinas Valley State Prison, brings this civil rights action against the California Department of Corrections and the Warden at CSP Corcoran.

    In the order dismissing the original complaint, the court noted that in the original complaint, plaintiff's statement of claim consisted of a single paragraph that set forth a generalized claim of retaliation. Plaintiff alleged generally that he had been retaliated against for

---

[1] By this order, the court vacates the June 14, 2005, recommendation of dismissal for plaintiff's failure to file an amended complaint.

1

his activity regarding litigation.  Specifically, plaintiff alleged that he has been transferred on numerous occasions, has been restricted in his access to the law library, and has lost some of his legal property.   Plaintiff has filed numerous lawsuits in this district, challenging various conditions of his confinement.   The court noted that plaintiff failed to charge individually named defendants with specific conduct that is actionable under section 1983.  Plaintiff's generalized allegations of retaliation fail to state a claim for relief.

To establish a claim for retaliation, a prisoner must allege that he or she was retaliated against for exercising his or her constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline. Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994)(per curiam).  The prisoner must also establish that his or her constitutional rights were actually chilled.  Resnick v. Hayes,213 F.3d 443, 449 (9th Cir. 2000).

The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In the first amended complaint, plaintiff again sets forth vague allegations of retaliation and denial of access to the law library.  The only individual identified is Correctional Officer Stainly, who "beat plaintiff while trying to kill him yet nothing was ever done about it even though plaintiff submitted CDC 602 appeals about it and filed a case about it in this court." Plaintiff does cite specific dates of denial of access to the law library, from May 12 to June 2,

2005, but does not identify or charge any individual with conduct that constitutes a denial of access to the law library.

Plaintiff was advised that in order to state a claim, he must charge individual defendants with conduct that constitutes a civil rights violation. Plaintiff has filed 20 cases in this court, and is well aware of pleading requirements. The court will grant plaintiff a further opportunity to file an amended complaint that complies with the requirements set forth in the order dismissing the original complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The June 14, 2005, recommendation of dismissal is vacated.

1. Plaintiff's first amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   April 25, 2006**           /s/ **William M. Wunderlich**
mmkd34                              UNITED STATES MAGISTRATE JUDGE